**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **MULE TEAM EXPRESS, INC.** | **Civil Action No.:** |
| **VERSUS** | **Judge:** |
| **CONAGRA FOODS-LAMB WESTON, INC.** | **Magistrate Judge:** |

## COMPLAINT AND REQUEST FOR TRIAL BY JURY

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Mule Team Express, Inc., a Louisiana corporation with its principal place of business in West Monroe, Louisiana, which respectfully represents as follows:

1.

Made Defendants herein are:

(a)  ConAgra Foods-Lamb Weston, Inc., a Delaware corporation with its principal place of business in Omaha, Nebraska, which may be served through its registered agent, The Prentice-Hall Corporation System, Inc., 320 Somerulos Street, Baton Rouge, LA  70802-6129; and

(b)  Lamb Weston Sales, Inc., a Delaware corporation with its principal place of business in Omaha, Nebraska, which may be served through its registered agent, The Prentice-Hall Corporation System, Inc., 320 Somerulos Street, Baton Rouge, LA  70802-6129.

2.

This Honorable Court has jurisdiction over this action pursuant to the express dictates of 28 U.S.C. § 1332(a)(1) inasmuch as the matter in controversy exceeds $75,000, exclusive of

interest and costs, Plaintiff is a citizen of the State of Louisiana and Defendants are citizens of states other than the State of Louisiana.

3.

Venue is proper in this district and division inasmuch as a substantial portion of the events giving rise to this claim and the damages occurring as a result thereof arose in and occurred in this judicial district and division.

4.

Plaintiff, Mule Team Express, Inc. ("Mule Team"), is a contract carrier by motor vehicle operating out of West Monroe, Louisiana.

5.

On July 22, 2010, Mule Team and Defendants entered into a contract entitled LW Truckload Motor Transportation Contract – U.S. (the "Contract"), whereby Defendants contracted with Mule Team to transport Defendant's commodities, particularly, sweet potatoes, in accordance with the terms of the Contract and for compensation as determined by Appendix "A" thereto.

6.

The Contract provided that any amendment to Appendix "A", whether by addition or deletion of destinations, reduction or increases in rates or the amendment of any ancillary or accessorial charges shall be subject to the written approval of Mule Team and Defendants.

7.

The Contract further provided that where Mule Team's freight charge would be based on a per mile basis the determination of mileage would be as specified in Appendix "A" and, if not specified in Appendix "A", then mileage would be determined in accordance with Rand-McNally Milemaker SDRM miles.

8.

Appendix "A" to the Contract, which was effective on July 23, 2010, provided that Mule Team's compensation would be set in accordance with an attached Rate Matrix, accessorial Schedule "A", or "other mutually accepted rate documents."

9.

On June 8, 2011, Mule Team and Defendants entered into the Lamb Weston 2011 Hauling Table (the "2011 Hauling Table"), which set forth the mileage that would be paid for loads hauled to and/or from Defendants' facilities to and/or from certain designated locations where Defendants' commodities would be transported and/or delivered.  The 2011 Hauling Table further provided the   base price per mile per ton at which Mule Team would be compensated.

10.

Thereafter, Mule Team and Defendants entered into a Sweet Potato Bin Hauling Agreement for the 2013 crop harvest season (the "2013 Hauling Agreement").

11.

The 2013 Hauling Agreement provided that the hauling of full bins would be compensated based on the 2013 Raw Product Hauling Table, plus Fuel Surcharge Rate Sheet. The 2013 Hauling Agreement further provided that weights would be based upon gross weight less the tare of the semi-tractor and trailer and was to include the weight of the bins and the weight of the sweet potato raw product.

12.

The 2013 Hauling Agreement also provided that the hauling of empty bins would be compensated based upon the mileage distance table set forth therein.

13.

Mule Team has performed all of its obligations pursuant to the contracts set forth herein above.

14.

Defendants breached their contractual obligations owed to Mule Team as required by the contracts set forth herein above as follows:

  (a)    Defendants failed and/or refused to compensate Mule Team according to the contractually-agreed upon fuel rates and surcharges;

  (b)    Defendants failed and/or refused to compensate Mule Team according to the contractually-agreed upon mileage tables;

  (c)    Defendants failed and/or refused to compensate Mule Team according to the contractually-agreed upon mileage rates;

  (d)    Defendants failed and/or refused to compensate Mule Team for empty bins per the 2013 Hauling Agreement;

    (e)       Defendants failed and/or refused to compensate Mule Team at the contractually-agreed upon minimum weights;

    (f)       Defendants failed and/or refused to compensate Mule Team for work performed and invoiced; and

    (g)       Defendants failed and/or refused to compensate Mule Team pursuant to the express terms of the contracts governing Mule Team's works and services.

15.

As a result of the Defendants' acts and/or omissions set forth above, Defendants have breached their contractual obligations to Mule Team, causing Mule Team to sustain damages as a result.

16.

Defendants' breaches of their contractual obligations to Mule Team were in bad faith, thereby entitling Mule Team to all damages, foreseeable or not, that are a direct consequence of Defendants' failure to perform, all in accordance with article 1997 of the Louisiana Civil Code.

17.

Defendants are also liable to Mule Team for the losses it has sustained and for all profits of which it has been deprived arising from Defendants' failure and/or refusal to perform their contractual obligations, all in accordance with articles 1994, 1995 and 1996 of the Louisiana Civil Code.

18.

Mule Team is entitled to recover all amounts owed to it pursuant to the contracts that governed the work it performed for Defendants.

19.

Mule Team is further entitled to and requests trial by jury on all issues.

**WHEREFORE,** Plaintiff, Mule Team Express, Inc., prays that Defendants, ConAgra Foods-Lamb Weston, Inc. and Lamb Weston Sales, Inc., be served with a copy of the instant Complaint and Request for Trial by Jury, that they be cited to appear and answer same, and after all legal delays and due proceedings had, there be Judgment herein in favor of Plaintiff, Mule Team Express, Inc., and against Defendants, ConAgra Foods-Lamb Weston, Inc. and Lamb Weston Sales, Inc., awarding unto Plaintiff all damages to which it is entitled, all costs incurred herein, including expert fees, and legal interest on all amounts awarded at the maximum rate allowed by law or, alternatively, from the date of judicial demand until paid.  Plaintiff further prays for all other legal and equitable relief to which it is otherwise entitled and for trial by jury on all issues.

Respectfully submitted,

BREITHAUPT, DUNN, DUBOS,
SHAFTO & WOLLESON, LLC


_____ /s/ Michael L. DuBos_____
Michael L. DuBos (23944) T.A.
K. Lamar Walters, III
1811 Tower Drive, Suite D
Monroe, LA  71201
Telephone:     (318) 322-1202
Facsimile:     (318) 322-1984
E-mail:         mdubos@bddswlaw.com
E-mail:         lwalters@bddswlaw.com