## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

MULE TEAM EXPRESS, INC.                    CIVIL ACTION NO. 14-cv-00475

VS.                                        JUDGE ROBERT G. JAMES

CONAGRA FOODS-LAMB WESTON, INC.            MAGISTRATE JUDGE HAYES

### MEMORANDUM ORDER

Before the Court is a Motion for a More Definite Statement, [doc. # 8], filed by

Defendants ConAgra Foods-Lamb Weston, Inc. and Lamb-Weston Sales, Inc.  For the reasons

set forth below, the Motion is **DENIED**.[1]

### Background

Plaintiff, a motor vehicle contract carrier operating out of West Monroe, Louisiana, filed

its Complaint on March 1, 2014, against Defendants ConAgra Foods-Lamb Weston, Inc. and

Lamb-Weston Sales, Inc.  [doc. # 1].  The Complaint, in pertinent part, alleges the following:

5.

On July 22, 2010, Mule Team and Defendants entered into a contract entitled LW
Truckload Motor Transportation Contract – U.S. (the "Contract"), whereby
Defendants contracted with Mule Team to transport Defendant's commodities,
particularly, sweet potatoes, in accordance with the terms of the Contract and for
compensation as determined by Appendix "A" thereto.

6.

The Contract provided that any amendment to Appendix "A", whether by addition
or deletion of destinations, reduction or increases in rates or the amendment of any
ancillary or accessorial charges shall be subject to the written approval of Mule Team
and Defendants.

---

[1]  As this matter is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any
claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this
order is issued under the authority thereof, and in accordance with the standing order of this
Court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R.
74.1(W).

7.

The Contract further provided that where Mule Team's freight charge would be based on a per mile basis the determination of mileage would be as specified in Appendix "A" and, if not specified in Appendix "A", then mileage would be determined in accordance with Rand-McNally Milemaker SDRM miles.

8.

Appendix "A" to the Contract, which was effective on July 23, 2010, provided that Mule Team's compensation would be set in accordance with an attached Rate Matrix, accessorial Schedule "A", or "other mutually accepted rate documents."

9.

On June 8, 2011, Mule Team and Defendants entered into the Lamb Weston 2011 Hauling Table (the "2011 Hauling Table"), which set forth the mileage that would be paid for loads hauled to and/or from Defendants' facilities to and/or from certain designated locations where Defendants' commodities would be transported and/or delivered. The 2011 Hauling Table further provided the base price per mile per ton at which Mule Team would be compensated.

10.

Thereafter, Mule Team and Defendants entered into a Sweet Potato Bin Hauling Agreement for the 2013 crop harvest season (the "2013 Hauling Agreement").

11.

The 2013 Hauling Agreement provided that the hauling of full bins would be compensated based on the 2013 Raw Product Hauling Table, plus Fuel Surcharge Rate Sheet. The 2013 Hauling Agreement further provided that weights would be based upon gross weight less the tare of the semi-tractor and trailer and was to include the weight of the bins and the weight of the sweet potato raw product.

12.

The 2013 Hauling Agreement also provided that the hauling of empty bins would be compensated based upon the mileage distance table set forth therein.

13.

Mule Team has performed all of its obligations pursuant to the contracts set forth herein above.

14.

Defendants breached their contractual obligations owed to Mule Team as required by the contracts set forth herein above as follows:

(a) Defendants failed and/or refused to compensate Mule Team according to the contractually-agreed upon fuel rates and surcharges;

2

(b) Defendants failed and/or refused to compensate Mule Team according to the contractually-agreed upon mileage tables;

(c) Defendants failed and/or refused to compensate Mule Team according to the contractually-agreed upon mileage rates;

(d) Defendants failed and/or refused to compensate Mule Team for empty bins per the 2013 Hauling Agreement;

(e) Defendants failed and/or refused to compensate Mule Team at the contractually-agreed upon minimum weights;

(f) Defendants failed and/or refused to compensate Mule Team for work performed and invoiced; and

(g) Defendants failed and/or refused to compensate Mule Team pursuant to the express terms of the contracts governing Mule Team's works and services.

15.

As a result of the Defendants' acts and/or omissions set forth above, Defendants have breached their contractual obligations to Mule Team, causing Mule Team to sustain damages as a result.

16.

Defendants' breaches of their contractual obligations to Mule Team were in bad faith, thereby entitling Mule Team to all damages, foreseeable or not, that are a direct consequence of Defendants' failure to perform, all in accordance with article 1997 of the Louisiana Civil Code.

17.

Defendants are also liable to Mule Team for the losses it has sustained and for all profits of which it has been deprived arising from Defendants' failure and/or refusal to perform their contractual obligations, all in accordance with articles 1994, 1995 and 1996 of the Louisiana Civil Code.

[doc. # 1, p. 2-5].

Defendants, on April 2, 2014, filed the instant Motion for a More Definite Statement wherein they raise, essentially, two challenges to the sufficiency of the above pleading. Broadly, Defendants claim that Plaintiff fails to supply any specifics to support its breach of contract claim

and, similarly, fails to plead the alleged special damages arising out of that claim with any specificity.  [doc. # 8-1].  Plaintiff, in response, argues that the Complaint more than satisfies the notice pleading standard under the Federal Rules.

The matter is now before the Court.

### Law and Analysis

Federal Rule of Civil Procedure 12(e) provides in relevant part that

> [a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.  The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

FED. R. CIV. P. 12(e).  Motions for more definite statements are not favored and are granted sparingly.  *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959); *Alford v. Chevron U.S.A. Inc.*, 2014 WL 1329887, at *3 (E.D. La. April 1, 2014).  As one court put it, a Rule 12(e) motion should only be granted when the complaint is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it."  *Phillips v. ABB Combustion Eng'g, Inc.*, 2013 WL 3155224, at *2 (E.D. La. June 19, 2013).

The Rule is not intended to be used as a vehicle for discovery or to frustrate Rule 8(a)(2)'s minimal pleading requirements by compelling a plaintiff to amend his or her complaint when it otherwise states a claim for relief.  *Mitchell*, 269 F.2d at 132.  A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  FED. R. CIV. P. 8(a)(2).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."  *Gen. Elec. Capital Corp. v. Posey*, 415 F.3d

4

391, 396 (5th Cir. 2005) (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (other

citations omitted)).  Furthermore:

> a complaint will be deemed inadequate only if it fails to (1) provide notice of
> circumstances which give rise to the claim, or (2) set forth sufficient information to
> outline the elements of the claim or permit inferences to be drawn that these elements
> exist.  If a complaint is ambiguous or does not contain sufficient information to allow
> a responsive pleading to be framed, the proper remedy is a motion for a more definite
> statement under Rule 12(e).

*Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999) (citations omitted).

A complaint that does not plead any facts in support of the alleged  injury fails to provide

adequate notice.  *Id*.  Nonetheless, no technical form of pleading is required; rather, all pleadings

must be construed so as to do justice.  *Swierkiewicz*, 534 U.S. at 513-14 (citing rules since re-

designated as FED. R. CIV. P. 8(d)(1) and (e)).  "[T]he notice pleading requirements of Federal

Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or

precision."  *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 Fed. App'x. 710, 713 (5th Cir.

2008) (unpubl.) (citations and internal quotation marks omitted).  Indeed, the complaint need not

even "correctly specify the legal theory" giving rise to the claim for relief.  *Id*.

A. <u>Failure to Plead Special Damages with Specificity</u>

Defendants, citing only to two cases from the Southern District of New York, argue that

Plaintiff's claims for lost profits and consequential damages constitute claims for special

damages that should be pled more specifically.  [doc. # 8-1].  They argue, particularly, that the

Complaint fails to specify the amount of special damages sought, fails to explain how any special

damages were caused by "mere non-payment," and fails to identify the time frame in which

Plaintiff incurred the alleged damages.  *Id.*

 Federal Rule of Civil Procedure 9(g) states, "If an item of special damage is claimed, it

must be specifically stated."   Therefore, the initial question here is whether Plaintiff has claimed special or general damages in its Complaint.

"General damages are defined as all actual damages which naturally and necessarily flow from the wrongful act.  Special damages, on the other hand, have been defined as those which, although resulting from the commission of the wrong, are neither such a necessary result that they will be implied by law nor will be deemed within the contemplation of the parties." *Cotton Bros. Baking Co. v. Indus. Risk Insurers*, 102 F.R.D. 964, 966 (D.C. La. 1984) (citations omitted).  In the breach of contract context, special damages may be recovered when it is shown that the defaulting party had knowledge of special circumstances that could lead to damages that would otherwise be considered unnatural and improbable in the absence of those special circumstances.  *Tulane Educ. Fund's Adm'rs v. Baccich & De Montluzin*, 129 La. 469, 479 (La. 1911); *Menge Pump & Mach. Co. v. A. F. Blair Co.*, 270 So. 2d 320, 323 (La. App. 4th Cir. 1972).

Defendants have not demonstrated that Plaintiff's claimed consequential and lost profit damages are in fact special damages that need to be pled with specificity.  Aside from two brief and conclusory citations to two Southern District of New York cases, Defendants make no attempt to explain how Plaintiff's claimed consequential and lost profit damages constitute special damages; instead, Defendants overlook this concern and proceed to debate the specificity of Plaintiff's Complaint.  The Court, in consequence, cannot order Plaintiff to plead its damages with more specificity because Defendants have not established that the claimed damages are special damages that fall under Rule 9.

The Court finds that discovery is the proper tool to resolve any questions regarding the damages sought by Plaintiff and should serve to provide Defendants with the specificity they

seek.[2]  That said, Defendants are not without recourse in the event that Plaintiff's claimed

damages prove to be special damages, because in that event, and in the absence of an appropriate

amendment to the pleadings, Plaintiff would be unable to recover on the items of special damage

insufficiently pled.  *See United Indus., Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762 (5th Cir. 1996).

B.  Failure to Specify which Contract or which Portions of Contracts were Breached

  Defendants also ask the Court to order a more definite statement because Plaintiff fails to

identify which contract or even which portion of any contract that Defendants allegedly breached.

[doc. # 8-1, p. 2; # 13, p. 1].  They argue that Plaintiff only includes a "'formulaic recitation' of

all of the contract pay-calculation components" in the Complaint.  [doc. # 13, p. 3].  They argue

further, "Out of hundreds of transactions and three years to think about it, plaintiffs certainly can

provide *some* facts establishing a plausible basis for breach as to *each* of the pay-components that

allegedly were breached . . . ."  *Id.*  Plaintiff, in response, states that it "delineated exactly how it

alleges [Defendants] breached the agreements."  [doc. # 10].

  The Court finds that the Complaint is not "so vague or ambiguous" that Defendants

cannot reasonably prepare a response.   "Clearly, Rule 12(e) is addressed to the matter of

unintelligibility, rather than want of detail."  *Cotton Bros. Baking Co.*, 102 F.R.D. at 966

(citation omitted).  Here, Plaintiff's demands, while certainly not a model of clarity, are not

unintelligible.  It appears that Plaintiff, by failing to specify which contract or payment modality

that Defendants breached,  alleges that Defendants violated all agreements and modalities

outlined.  For instance, in Paragraph 14 of the Complaint, Plaintiff alleges that Defendants

---

  [2] *See Mitchell*, 269 F.2d at 132 ("It is to be noted that a motion for a more definite statement is not to be used to assist in getting the facts in preparation for trial as such.  Other rules relating to discovery, interrogatories and the like exist for this purpose.").

"failed and/or refused to compensate" it according to every contract and payment modality listed.

Overall, the Complaint fairly notifies Defendants of the nature of the claimed breach (i.e. failure to pay), identifies the contracts and payment modalities, sets forth relevant Louisiana statutes regarding breach of contract, and permits inferences to be drawn that there is a factual basis to support the requisite statutory elements of the claim.  While the Complaint may not live up to the precision that Plaintiff boasts, and while it is certainly not a paragon of precision, it is not so vague or unintelligible that Defendants cannot reasonably prepare a response.  To hold otherwise would result in enlarging Plaintiff's Complaint to dimensions beyond those contemplated by the rule that requires only a short and plain statement.  Just as above, Defendants may utilize discovery to obtain any additional information that they seek.

## Conclusion

For the reasons stated, Defendants' Motion for a More Definite Statement, [doc. # 8], is hereby **DENIED**.

In Chambers, Monroe, Louisiana, this 5th day of May, 2014.


KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE